May it please the court. My name is John Knepper and I represent appellants who are state officials oversee the North Carolina state health plan State health plan is an employer funded health insurance plan That says premiums and uses those premiums and other state money to pay for healthier for teachers and for state employees Insurance is a trade-off Broader risk coverage means more money more money means higher premiums and higher contributions by the employer less generous insurance costs less 50 years ago in the adulting versus a halo Supreme Court held that the Equal Protection Clause Does not require government insurance plans to cover more or different actuarial risks than private plans Which are not subject to the 14th Amendment Good old egg, which was just reaffirmed last year in Dobbs Held that questions about what are the coverage limits? What are the coverage exclusions are subject to rational basis? With state-sponsored insurance plans the Equal Protection Clause looks at whether there's a fact facial classification risks insured against  The building holds the plan does not violate the Equal Protection Clause so long as There is no risk from which men are protected in women or not And when there is no risk from which women are protected in men Every beneficiary in the North Carolina state health plan receives coverage for the same health risks This is no less true for plaintiffs who are transgender or the parents of transgender individuals Who receive the same coverage for the same health risks as every other plan for just Importantly and this is this is the holding of the adult a rational basis review applies even when the coverage exclusion Good old egg. It was pregnancy Disproportionately or even only affects individuals within a protected class The court said that circumstances addressed That that those kinds of circumstances are addressed by looking for a discriminatory motive and This circuits case law is clear that motive is a question for trial not summary judgment The court below concluded without a trial on summary judgment that the plans coverage exclusion for Treatment or studies leading to or in connection with sex changes or modifications in related care Is a facial classification on the basis of sex or transgender identity and then it imposed heightened scrutiny You didn't move for summary judgment. No, you're right. Okay, the plans perspective is that the plaintiffs have the right to make these motive claims at trial and That's not a perfect sergeant, it's wrong, but we certainly wouldn't Say The record of factually the record summary judgment is that the plan and its contractor Never look at biological sex or gender identity at any time when making a coverage of decision on the benefits That the plaintiffs are concerned about The exclusion more importantly the exclusion does not classify individuals on the basis of their biological sex The phrase sex change Hope you have let's acknowledge that that's language more appropriate to the 1990s when when the exclusion was adopted then then since sort of our modern-day understanding it describes medical procedures for the treatment of the psychiatric illness of gender dysphoria The plan doesn't need to know the individual sex or gender identity because no one gets gender affirming care or Or Medical procedures that involve sex changes or modification the Further the exclusion does not classify individuals on the basis of their transgender or gender identity. It does not Reference whether someone's transgender or not the testimony in the in the record is that The plan and Blue Cross Blue Shield the current third-party administrator for the plan Don't know whether any beneficiary Is transgender it simply gender identity is not something the plan tracks plan Plan is an insurance plan. This is not it's not some sort of moral activity I mean No one expects their insurance company to care about about decisions like that in terms of some sort of judgment and the plan Simply doesn't not interested in that. What are you interested in them in terms of deciding that you won't deal with? Gender dysphoria, but you said you're not interested in that you know What are you interested in to make the determination that categorically you give no medical coverage for dealing with the anxieties and those things that? What is it so so that I'll come back to sort of some of the factual Accurate that we don't cover anything. I'm using your words. We don't care about this No, no, what do you care about to decide the plans women? What do you care about that's so important that you decide that categorically? Someone who has gender dysphoria should get no medical coverage or treated Whatever The plan is broke the plant we're seeing health care costs rise at 7% per year or more the Appropriations from the General Assembly of that's what people want an aspirin to this Everybody right if you can use the economic truth are you going to the economic model, then why pick on then? transgender This for you then to settle your or balance your books your honor That's that's not been the approach the approach of the state brought it up Everybody knows I'm just trying to find the zero in what you said You were saying we don't care about this and that and then I'm so what do you care about then you went to economics? I'm still trying to get to what is it that makes this so? this this treatment So important that you categorically say we won't even treat it won't even look at it. Nothing. Tell me that your honor There there are two Intertwined issues here one is the state health plan that's the answer my question. I'm answering your question Okay, go ahead one the state health plan applies this approach to all sorts of diagnosis you're talking as though this is a plaintiffs have been singled out and that the plan is Making other decisions that are inconsistent with that. They're broadening their coverage. The plan is regularly receiving Requests you know expand the coverage because I have This medically necessary need I have this medically necessary need and what the point what the record says and what the plan administration said is that? for small benefits they are saying no to everything because they They have reoriented their plans overall approach They are just answer the question you said on those other situations. You're looking at Medical Necessity to make those decisions, but here you're not doing that are you your honor? We're just the opposite we're saying I did not miss we're saying that yeah Yeah, my point was simply that regardless of medical necessity in other words We're not arguing you know so you mean tell me the other people who need it, and you are you you can you are Unequivocally convinced they needed you decide you're not going to get it. I'll give you I'll give you a The state does not cover hearing aids after age 18 period There's no question. I think anyone would anyone question certainly no question in the record whether that is a medically necessary service and People people come to the plan and say hey, I need Coverage for hearing aids this affects my life No, you don't do it based on sex. Do you we don't just as this we don't do any We don't make any of these decisions based on set well Let me give you an example that the district court owned in on and explain to me why this Analysis is faulty so she judge bigs Page 42 of her opinion gave this example of a pot the plan apparently covers puberty suppressing medication If medically necessary you agreed, but that's right No I did the plan covers puberty suppressing Medication for the diagnosis of precocious puberty so if medically necessary in that instance you will cover that right for that Okay, yeah, then she then judge big says but a transgender boy who will not receive coverage for that medication even if medically necessary Because in the language of the planet would change or modify his physiology in a way that doesn't match its female biological sex so One instance you're providing the coverage because it's medically necessary in another instance judge big says you're not precisely because of the sexual component of the Diagnosis what's wrong with that? What's wrong with that? Is that you are omitting? What makes you're changing the underlying? Comparison a transgender boy with central precocious puberty will receive hormone suppressing drug That's the end of the plan is not going to say to that person you can't have it just as a Transgender man or transgender woman who has breast cancer Can have a mastectomy the plan doesn't say no that's fair enough But then the question is why is that transgender boy not being given with medication in other instances? And judge bigs found that it's patiently patiently because the plan is discriminating on the basis of that voice sex I think I think There's sort of two illusions there one the plan is not plan is discriminating on the basis of diagnosis Plan doesn't know the sex doesn't ask the sex It's worth noting that that all all biological sexes for example are able to receive coverage of gender of puberty suppressing drugs that's that's in the record when you look at the At the authorization criteria that applies equally to biological males and biological The question is are they receiving that for the treatment of that illness or they receiving it for treatment of another illness and Gilded actually answers this question because it all big says that we don't look at Sort of the underlying outcome like whether or not you got the payout Gilded doesn't disagree with the fact with the with the plaintiffs assertion that Pregnancy is a disabling condition The court didn't say well You know the pregnancy is a disabling condition in a different way or the plan is entitled to cover it because there's some sort of Difference it said simply yeah pregnancy is a disabling condition There are other disabling conditions The court you know the state the state insurance program is allowed to make that decision So long as there is a rational basis for its decision, and it's not Direct it's not being made because of the individual's membership in a protected class And that's and I think that's that's sort of the key So can you tell me how our decision in grim fits and all of this are you? Indicating basically to the extent that grim is inconsistent with the dull dig we should ignore it But you you think it's just not relevant to this case I think I think your honor you don't have to do anything with grim to rule in favor of the state health plan here and that's because Grim is a facial classification The grim is saying to people you are getting you know you have to go to this bathroom Go to this bathroom. We're making the decision about those questions in this case again the state health plan provides Equal coverage for all health risks there are just some health risks And I think you know some of the questions that judge Gregory asked I think are absolutely the kinds of questions that that the plan will be responsible For defending on remand in other words these questions of motive are absolutely things for which the plan will have to say no We're doing this for broad based reasons in spite of membership in the protected class not because of membership But or the the analytical purposes here It's simply not a facial classification You know it's a proxy and Proxies under Bray and elsewhere are analyzed for motive not analyzed as a separate class So a problem is that it's basically infirm though Spatially infirm that's what the ruling was it so the motive is not The question is it's spatially infirm that was the ruling the base of the summary judgment correct And yes, we disagree with that. I know you But the point is we don't have to deal with motive in terms of you're making a difference in terms of the district court found based on sex because Transgender this lawyer has to deal with a person Sex doesn't it well, but and this is this is in Pregnancy has to do with sex. I mean in other words. You know that's which was good old day The important thing for Godot big is and this is in the record you know whether someone's transgender and whether someone has gender dysphoria the illness are separate things and Every everybody agrees in the plan agrees that Someone who is transgender is not mentally ill Does not that that fact alone does not determine whether you have the mental illness of gender dysphoria It's a subset of people who have that In the building the court said got two buckets got pregnant women and non-pregnant women and men and Those that those are not those aren't that's not that's not a classification in this case we have individuals suffering from gender dysphoria and we have Individuals who are suffering who are not suffering from gender dysphoria. We're both transgender and not trans It's the same it's the same parallel reasoning as a good old as a good building and the court says that's not a facial classification And I think And I apologize. I want to just I've gone a couple seconds over. I just wanted to finish my thought I apologize you part of the All right May it please the court Tara Bareilly with lambda legal on behalf of the plaintiffs at police I'd like to address at least two issues today the two main issues addressed by my colleague why this is a facial equal protection violation And second why it's all big versus Iola does not apply here for multiple reasons Let me begin with that equal protection Issue however to quote the exclusion it precludes care for quote My hair closer to you Yes, I apologize but those those Issues you just described have got to be related because that was the argument in any number of these cases Godaldi Gilbert Bray Dobbs I Don't see how you can really separate Yes, so there's several reasons good all day doesn't apply and and the first is that facial explicit discrimination that the district court found sex changes or Modifications that that's the text of the exclusion. It's plain as day It says precisely what the plan prohibits and that distinguishes good all day first because they use pregnancy is The language there as opposed to saying women who are about to give birth Yes, so the court examined pregnancy. That's the reason So yes, so let me be clear Supreme Court described what it was doing in Godaldi and we actually see this in a second decision in Bray versus Alexandria Where justice Scalia writing for the majority said in footnote three in it's all big we examined a quote Facially neutral benefit plan the court looked into good look adulting to find whether pregnancy Could be considered to be sex discrimination and the court found. It's just not close enough to sex discrimination It's objectively identifiable. We can describe it without referencing sex. It's not the same as sex discrimination Second reason that Godaldi doesn't apply the next critical distinction is that there was no differential treatment in Godaldi because nobody was Receiving disability benefits for pregnancy. And in fact, my colleague just quoted that language Risk men are protected. There's a risk from which men are protected women are not and vice versa Here if we were to have good building applied to the plan here What that would look like is a prohibition that says no one receives coverage for a hysterectomy But that's not what this plan does this plan instead says but that's a different treatment. That's a different diagnosis Sure what what I mean to say your honor, but well, but the point is that this is what struck me about this case If this were a statutory ban, I Would follow the district court's opinion and your arguments better But the Supreme Court has a long long string of cases that deal with employee welfare benefits Whether it starts with the Delta Gilbert Bray and even just recently confirmed in Bob's they're on a different track, which doesn't mean there can't be a Facial challenge made to it but I Think it's really apples and oranges comparison to try to differentiate when there are diagnoses in Welfare benefit plans, and that's how these insurance plans work. It doesn't matter whether it's gender dysphoria or Lasix versus cataract surgery, it's based on a diagnosis the plus to everybody a Couple of things first of all this exclusion doesn't even reference a diagnosis it lays Especially bare and plain what its purpose is which is it disapproves of what it sees as a sex change My colleague correctly noted that that's now considered outmoded language But that's the exclusion that was adopted if you we view you as quote changing your sex That's improper behavior, and this is categorically excluding It just says we're not we're an insurance plan, and this is something we're not going to cover sex change or modification that is the exclusion in the health plan that that's in the hand the plan booklet and My colleague mentions that the contractors who implement this care. They don't care about sex or transgender status They're bound by that exclusion and doubt those are the explicit terms of the exclusion itself written into the handbook Are you suggesting that they the plan could have achieved this result simply by? Changing the label not at all I think the targeted discrimination based on sex and transgender status is playing and My colleague has offered in briefing a few different ways of attempting to rewrite the exclusion But if in conducting it couldn't have been rewritten to say women who are about to give birth It doesn't make sense to me that you couldn't say With the same line of reasoning in this case that you could have Rewritten that exclusion to say there's no coverage for breast or genitalia treatment without a specific diagnosis of physical injury or some other underlying disease I Understand that they have offered that in their briefing first of all They have but how is that any different for if you'd reworded the exclusion in good old? Well first of all that exclusion that attempt to rewrite it what what they're asking this court to do Is to pick up its judicial pen and rescue this exclusion by rewriting it because the one they've adopted And the one that they actually have to defend is so indefensible It's so plainly and clearly discriminates based on sex and transgender status and room is the applicable authority It says the heightened scrutiny applies and so I want to make sure that I've been clear on that point That rewriting wouldn't even succeed there are definitions of medical necessity the record has the North Carolina has adopted a statute identifying the criteria for medical necessity and the Gender dysphoria meets that definition so that cannot be a basis to distinguish here and each of the different well but your colleague on the other side makes the point that they exclude routinely exclude Treatments and procedures that might well be medically necessary simply because of cost They can draw neutral lines this one is based on sex and transgender status other neutral lines can be can be drawn That's what insurers do is a matter of course, but when they do so based on sex and transgender status They have to justify it under heightened scrutiny Let me turn back to a point. I was making a moment ago About a second reason that could all be understood not to apply here The adult in court was very focused on the fact that there was no differential treatment Everyone was treated the same there because nobody was receiving disability benefits pregnancy this couldn't be more different This plan says many people receive coverage for hysterectomies hormone therapy or vaginoplasty The difference is if we see you as changing your sex changing or modifying your sex if the care is off limits for you We're going to draw that sex baseline And so the differential treatment here is undisputed, but all those items you just described they are available So they're available without discrimination for other diagnosis But a very clear principle equal protection is the fact that this plan is not discriminating in every conceivable respect against transgender people does not excuse the discrimination that this exclusion keeps upon transgender people and That leads me to another point that my colleague, but it seems like that then goes to the general basis for the facial argument that You may well be able to show that there is a disproportionate impact but These cases are legion even in some of the list that's the descendants of gilding That that's not sufficient that you've got to show pretext in that context, and I think that's that's all the opposing side has said is We need a trial on motive So Intent is another way that one can show that a plan discriminates But so is facial discrimination adult it does not foreclose facial discrimination adult It simply didn't involve facial discrimination, and that's it. That's a reason a core reason that it doesn't apply here That's what the district court found and we believe the district court was correct I want to make sure I'm answering the question though I'm sorry, would you mind receiving the question well? I think we're sort of talking across purposes here. It's almost as if the district court assumes That because there's a term in an insurance plan that relates to sex in any way that that equates to facial discrimination and Still I understand how if you take completely synonymous language and Godaldi as Instead of using pregnancy women who are about to give birth that that's any different than what the language is in this plane Because that has to be sex-based Your honor that's the view that lost in Godaldi that view that it has to be sex-based it is sex-based That's the view that's found in the minority opinion in the dissenting opinion And and the majority and subsequent iterate subsequent decisions of the court were very clear again Just we have put no three of Ray versus Alexandria. We were reviewing a facially neutral benefit Analysis has certainly been critiqued, but that's what the court you that it was doing here The discrimination couldn't be more explicit sex changes or modifications. It's just right on the page You seem to be suggesting that if the adult the case came up before the Supreme Court again the result might be different or I'm certainly not suggesting that it would be different or that it would need to be different for the district court to be correct here I think the district court was simply corrected It doesn't apply and let me turn to another reason that Godaldi doesn't apply here So we considered the transgender status discrimination claim the plaintiffs have made the more analogous case law is Christian legal society and Williams versus Kincaid not the double-digit Christian legal society says that when status and conduct are closely correlated the court declines to distinguish between them So in that case, for example court found that discrimination against same-sex intimacy was the same as discrimination against gay people and this court cited that authority recognizing it as a more applicable authority and said in Williams versus Kincaid as a matter of Disabilities Act excluded gender dysphoria from its protection the court would have quote little trouble concluding that it discriminates against transgender people So that's an additional reason here. These are cases that deal with statutory bars The Supreme Court has gone down this long road and employee welfare benefit plans That takes a different tack You runner again, please do help me make sure that I'm responding I Don't think that there's any distinction in the law and it certainly doesn't emanate from Godaldi which didn't deal with health insurances Do we of course with a disability benefits plan? That says that when a state acts. Yeah, but the underlying concept of all of those cases is you have this It's just like an Orissa the term employee benefit claim covers everything disability insurance Health insurance all those things that don't deal with retirement or or life insurance that These are based on actuarial assumptions We treat these cases Differently than we do other types of cases. Otherwise all these cases may have been decided differently You are let me make sure that we agree that there's government action in this health plan It's subject to review under the 14th Amendment. I want to make sure that that foundational principles one on which we agree the second one is there is no authority of which I can think of in which the Supreme Court has ever said that if the Government is facially discriminated in a health plan that that somehow is off limits from challenge And that's what this case is about a facially discriminatory exclusion sex changes or modifications. We're taking that off the table It doesn't matter how medically necessary it is. It doesn't matter that other people receive these procedures And they've admitted that that's in the record of j8 There was 791 to 92 and 38 10 to 11 the same procedures that plaintiffs see but same procedures covered for cisgender people and the bar is this Explicitly sex and transgender status based bar that says no coverage for sex sex changes or modifications Nor is this merely a disproportionate impact the aim of this is transgender people and I think Williams It helps explain that we understand this is dealing only with transgender people the Board of Trustees itself in the minutes of the meeting where they discussed whether to Provide equal coverage as they did for one year and then voted to deny equal coverage every year after that Was only and specifically about transgender people sex changes are definitionally Motive language is definitionally what defines a transgender person in the medical care that they need to treat gender dysphoria So it's not mere disproportionate impact. This is a singling out Exclusion that on its face and and there's no other reading in which it can be understood as Anything other than sex-based and transgender status based discrimination I also just want to address another thing that my colleague mentioned, which was the point about cost One really important point is that the equal protection Cause make sure that concerns like cost which insurance funds rightly have to grapple with they must be a shared burden There is nothing in equal protection that would authorize a state health plan to balance its budget on the backs of a vulnerable minority group In other words the state health plan could also save money by paying its female staff half their wages And that would save money, but the equal protection clause doesn't allow that either And so there's nothing about cost that allows the health plan here to justify saving money by doing it solely on the backs of this vulnerable minority group We turn if I might then to evidentiary evidentiary rulings The district court properly excluded portions of defendants testimony under rule 702 and that's what makes this record I think so compelling is that the court very painstakingly At the expert testimony that was offered performs a gatekeeping duty, which is required to do under the court's precedence and carefully Teased apart and analyzed very deliberately step by step Which opinions from the experts were admissible in which were not because of course non-admissible testimony cannot create a genuine dispute of material fact As the district court found the admissible portions of these opinions even when viewed in the light most favorable to defendants They simply don't show that the care at issue here is ineffective, which was another argument that they've attempted to raise but couldn't support with any admissible testimony The fact that they weren't able to produce any such reliable testimony is not surprising because as every legitimate medical organization has said for years This care is medically necessary. Indeed, it's critical. So the district court found the plaintiff's doctors, the experts, all the medical associations Defendants own third-party plan administrators all agree the gender affirming care is medically necessary They produce no admissible testimony to the contrary and without that evidence There's nothing in this record that can support the discrimination that this exclusion heaps upon the transgender participants in the plan If the court has no further questions For all those reasons, we respect the request that the court affirm. Thank you. Thank you Thank you, Your Honor. First, I want to touch base on this point that there seems to be this statement repeatedly that this is a facial classification But Bray actually makes clear that if you're going to talk about facial classification, you have to use the classes Bray says women seeking abortion is not a class. The class is women, men, or in the case of transgender, transgender, or non-transgender Those are those are classes and you're not allowed to append on additional qualifications in the definition of the class You have to that's that that that analysis is performed at the plaintiff's burden to show that they're similarly situated And so, I mean, we don't disagree. We fundamentally disagree with the notion that this is a facial classification Second, I want to talk briefly about Kincaid because it doesn't apply for two reasons The first is that if you read Kincaid's logic, it is exactly what Godoldig says is not the rule Kincaid says, I want to make sure I get it right here, that gender dysphoria is very closely connected to transgender identity So we have little trouble concluding that a law excluding gender identity disorder and gender dysphoria would discriminate against transgender people as a class Well, in Godoldig, pregnancy is very closely connected to being a woman And Godoldig says, that's not the analysis. The analysis is, are there women on both sides of the ledger? There are non-pregnant women and men who don't want this benefit or don't need this benefit or get the actuarial reduction in cost by not having this benefit offered And then there are pregnant women on the other side The same is true here for gender dysphoria Not all individuals who are transgender suffer from gender dysphoria or seek the treatments that are identified here by the plaintiffs So on one hand, you have individuals with gender dysphoria who seek these treatments And on the other side, and this is in the record repeatedly, it's unquestioned, there are transgender people and cisgender people who don't seek these medical treatments And that is the logic of Godoldig, and Godoldig says that's the rational basis for the argument I do want to talk You don't even get to necessity at all You just categorically said gender dysphoria, period, cut off You're not at that level where you're making a determination, you said some have anxiety and dysphoria and some don't You're not at that level where you say, well, that's built in every plan, right? When someone makes a claim, excuse me, you're shaking your head, I haven't said anything yet Okay, be careful Every health plan, you submit for coverage And then somebody in some place looks at codes and says, well, no, that wasn't necessary That is, that is, that's for every treatment That's not the question It's that you choose transgenders to say, we're not even getting to the point of necessity Categorically, we're not going to address your needs at all, period That's based on your identity of sex It's not pregnancy that's temporary This is their identity Who they are It's not, you know, it's not transitory You're not, women aren't pregnant all of their lives So we're not talking, you're talking about you make this choice that we're going to cut transgender people from any health benefit At all in that regard Before we determine whether or not they have any needs Because you're afraid it may lead to a sex change, is that it? No, your honor What are you afraid of then? What is the state so afraid of about this? You haven't answered that yet The state is extremely concerned about ensuring that it has control over the benefits that it offers Because it is working to transition from a plan that covers everything a little bit To a plan that focuses on significant, broad population-based health risks And in doing so Would you cover a circumcision? Your honor, that's not on the record Suppose you said, you think you could say we're not going to cover that? That wouldn't be Your honor, the plan doesn't, whether something is medically necessary or not There is no law that requires the plan to cover any particular health benefit Except when you target a protected class And gender and sex is protected And that's a heightened scrutiny when you do that It's heightened scrutiny when we explicitly classify on the basis of that I don't think it would be more explicit when you say transgender What do you need to say? The exclusion doesn't say transgender What does it say? The exclusion says Treatment or studies leading to or in connection with sex changes or modifications Well then, if your sex change, that's trans, change, gender, isn't it? Your honor, that's the proxy motive argument Proxy motive? That's basically what you're saying Your honor, the record is clear That there are transgender people who have gender dysphoria And would seek these changes, seek this medical care And would have physicians recommending it And there are transgender people who don't have gender dysphoria And have no desire or medical recommendation to receive this care There are transgender people on both sides of the ledger So it's not a facial classification of transgender people versus other people Okay, so that's like saying we have a facial discrimination against blacks But it's okay because there are some black people who don't care about going to a restaurant at all Others do If we don't look at that, whether or not their choices Whether or not there are some transgender persons who don't need services You cut that off categorically That is what we're addressing with Well, some people need What difference does it make that some people may not seek medical attention Or need medical services Or in connection with transgender Being a transgender person Gdowdich says it matters Because the actuarial benefits of not covering these services Accrue to a Wider Accrue to all Individuals who don't seek those services Because there they weren't dealing with a facial Facial-informed Division Your honor It is a similar It is a similar case to this It's quite different Am I correct that it wasn't dealing with a facial Your honor The claim by the plaintiffs in Gdowdich was You're discriminating on the basis of pregnancy Only women can get pregnant Therefore you're discriminating against us facially On the basis of sex And the court's conclusion was that that was not a facial discrimination Similarly The plaintiff's claim here is You're discriminating against coverage of These specific procedures Transgender people Seek these services You're discriminating against transgender individuals That step Is what needs to be resolved So you say Grimm has no application In this case at all Your honor Grimm involved Explicitly facial classification No one doubted in Grimm That there were That he would be directed To sex-segregated Benefits And then the question was Who gets these sex-segregated benefits In this case There's no sex-segregation Of any of the health care benefits By the plaintiff If you qualify, you get it And if you qualify it's based on The discrimination is based on sex It's probably not as divisional as you said But it is based on sex For facial classifications Your honor It has to be Distinctions between the class To personnel Administrator versus fee Is the case that comes back And says well if you're doing it because of sex Rather than In spite of sex Then that's still actionable discrimination And that's The issue that we maintain And here they're targeted because of The difference in terms of their Gender at birth versus Their gender, who they are And their identity That's the only way that they're in this category But you decided not to give them It's just amazing How we hear Complaining dealing with a person Need Health need As opposed to what's not making Moral judgment What is that? Your honor, this is not The plan has been cleared, this is not about moral judgment The plan's The plan's Financial structure Is that A family In North Carolina Many families work One week a month Just to pay to enroll in this plan The premiums for a family And this is in the record Are over $700 a month If you want health insurance In the state of North Carolina If you're a state employee You want to insure your family That's how much money you have to come up with To insure your family And the plan's perspective is That's too high So you had to pick on somebody then to do that? The plan is picking on everybody It is not Not in this provision it's not Not in this provision it is not Is that correct? The plan is refusing To add new benefits Whenever asked This was a new benefit that was requested by The plan's answer was no Others come before the plan And they ask for their benefits And the plan says no The plan is When others come it's not based on their Because of their sex That's That's the only way it becomes transgender Gender How one identifies With their sex Their sex Birth Versus who they identify as their gender I mean you can't They're inextricable Except We treat illnesses We don't treat People based on their gender So in order to qualify for medical treatment at all I wish you had said We don't discriminate against anybody Based on how they consider their gender The plan doesn't The plan doesn't even know Okay I apologize Your honor I went over No I'm asking you a question I would say there were a number of other issues That are more simple And more straightforward
judges: Roger L. Gregory, G. Steven Agee, Albert Diaz